UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 25-34239-H5-11** |
| **Double T Steel LLC,** | § | |
| Debtor | § | **Chapter 11, Subchapter V** |
| | § | |
| | § | |

## Debtor's First Amended Plan of Reorganization
## Under Subchapter V Chapter 11

Double T Steel LLC ("Double T Steel" or "Debtor") proposes this First Amended Plan of Reorganization (the "Plan") pursuant to 11 U.S.C. §§ 1190.

I.   Background

**A.  Description and History of the Debtor's Business**

The Debtor operates as a steel supplier and fabricates to-order building materials.  Debtor's operations began on or about 2008.  Debtor operates from a single location at 9341 N Green River Dr., Houston, TX 77078.  The business of the Debtor has slowed in recent years. The Debtor fell behind on property taxes and was unable to pay suppliers. A Final Judgment was entered against Debtor in October, 2024 and a receiver was appointed in June, 2025.  The Debtor filed this case to reorganize and continue with its operations.

Double T valued its assets on the filing day at approximately $262,000, in the aggregate, which included cash of approximately $16,500, inventory of approximately $50,000, machinery of approximately $189,000 and other assets. The inventory, receivables and other assets are subject



to liens of the U.S. Small Business Administration, Harris County, and other taxing authorities. The only other UCC liens were for Toyota and the Toyota collateral has been returned.

Double T Steel has debts of approximately $1,706,000.

## B.  Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit 1.

## C.  Ability to Make Future Plan Payments and Operate Without Further Reorganization

In order to confirm a plan, the Debtor must show that it will have enough cash over the life of the plan to make the required plan payments and operate the Debtor's business. The projections demonstrate that the Debtor will have sufficient funds to operate its business going forward.

The Debtor has provided projected financial information as Exhibit 2. The projections are based upon prior operating history and projected new business.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

II.  Summary of Plan

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay Debtor's creditors from the cash flow generated in the ordinary course of

---

the Debtor's business after confirmation.

This Plan provides for:    Four (4) classes of secured claims;

two (2) classes of unsecured claims, and

one (1) class of equity security holders.

Creditors holding allowed claims will receive distributions as set forth in this Plan.

This Plan also provides for the payment of administrative claims.

All creditors should refer to this Plan for information regarding the precise treatment of their claims.

The Debtor may prosecute claims against persons or entities that may owe money to the Debtor. Any recoveries will remain with and be an asset of the reorganized Debtor.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

III. Classification of Claims and Interests

| Class 1 | Class 1 consists of the allowed secured claim of Harris County, et. al. for $212,015.42. The claim is for ad valorem taxes on personal business property for 2020, 2021, 2022, 2023, 2024 and 2025 secured by statutory tax liens against Hyster Forklift 12K lbs, HAT Channel Machine, Inventory, Forklift 6K lbs, Forklift 10K lbs, Forklift 35K lbs, Dip Edge 2", Forklift 4K lbs, Leasehold improvements, PurLin Z Machine, Printers, R Panel Machine, PurLin C Machine, Press Brake, Pearling Machine, R Panel Machine #2, Shear, Standing Seam Machine, Small equipment, U-Panel Machine, Forklift 10K lbs, Caterpillar Forklift 6K lbs, Computers, 5V Panel & C Panel, 12" Bender Machine, 10' Bender Machine, Furniture and office |

|  | equipment. This claim is a Secured Claim entitled to first priority. Any tax liens for prepetition or postpetition years shall be retained until such taxes are paid in full. The Debtor shall pay all ongoing postpetition taxes in the ordinary course, prior to delinquency under the Texas Tax Code, and no administrative expense claim or request for payment is required for such postpetition taxes. Failure to pay any postpetition tax years shall not be subject to the Default Provisions set forth in this Plan. [Amended Claim 1] |
|---|---|
| Class 2 | Class 2 consists of the secured claim of the Internal Revenue Service for $27,161.35. The claim is for taxes secured by all of Debtor's right, title, and interest to property. The general unsecured amount of $735.00 is included in Class 6.   The claim includes a priority claim of $3,536.00  [Claim 4]. |
| Class 3 | Class 3 consists of the allowed unsecured claim for Jose Rodriguez for $107,877.43 for pre-petition lease arrearage pursuant to month to month Lease Agreement for premises at 9341 N Green River Drive Houston, TX 77078 and damages to premises allegedly caused by Debtor [Claim 6]. |
| Class 4 | Class 4 consists of the secured claim of Texas Comptroller of Public Accounts ("Comptroller") for $12,110.70.  The claim is for sales and use tax for April 2025 through July 2025 secured by a recorded tax lien in favor of creditor. The tax lien attached to all real and personal property owned, claimed or acquired by the debtor(s). This claim is a Secured Claim to the extent of collateral value.  [Claim 7]. On or about December 1, 2025 Debtor's counsel was informed by the Comptroller's office that pre-petition Claim 7, will be withdrawn as the liability has been paid. |
| Class 5 | Class 5 consists of the allowed secured claim of the U.S. Small Business Administration ("SBA") for EIDL Loan.  The claim in the amount of  $131,935.00 is secured by Furniture and office equipment, PurLin C Machine, 10' Bender Machine, 12" Bender Machine, 5V Panel & C Panel, Caterpillar Forklift 6K lbs, Dip Edge 2", Forklift 10K lbs, Forklift 35K lbs, Forklift 4K lbs, Forklift 6K lbs, Forklift 10K lbs, HAT Channel Machine, Hyster Forklift 12K lbs, Leasehold improvements, Pearling Machine, Press Brake, PurLin Z Machine, R Panel Machine, R Panel Machine #2, Shear, Small equipment, Standing Seam Machine, U-Panel Machine , Inventory, Printers, Internet, Accounts receivable under 90 days, Computers.  No claim has been filed.  The Debtor has valued the collateral in the amount of $245,050. |
| Class 6 | Class 6 consists of all other non-priority unsecured claims allowed under § 502 of the Code. The aggregate amount of Class 6 claims is approximately $1,077,887.00. (The total non-priority unsecured claims including disputed claims is approximately $1,376,870.00). |
| Class 7 | Class 7 consists of the equity security holders of the Debtor. |

IV.     Treatment of Administrative Expense Claims, Priority Tax Claims, and Court Fees

Under § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

Administrative Expense Claims

Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full in cash on the later of the Effective Date (as hereinafter defined), on the date such claim becomes an allowed claim, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

If the plan is confirmed under section 1191(a), the Debtor will pay post-confirmation fees and expenses incurred by Baker & Associates in the ordinary course of business without the need for Court approval of such fees and expenses.  If the plan is confirmed under section 1191(b), the Debtor will pay post-confirmation fees and expenses incurred by Baker & Associates after approval by the bankruptcy court.

Payment to the Subchapter V Trustee – Melissa Haselden has been appointed as the Subchapter V Trustee in this case ("Subchapter V Trustee").  Debtor shall pay allowed Subchapter V Trustee fees and expenses as set forth in the projections and budget. If the Subchapter V Trustee does not timely receive the payments set forth in the plan, the Subchapter V Trustee may send written notice by Regular Mail, by Email, and by Certified Return Receipt Requested Mail, postage prepaid, to the Debtor and Counsel for the Debtor, and allow Debtor a 30-day period from the date of such written notice to cure such delinquent payments.  In the event Debtor fails to cure such delinquent payments within such 30-day period, the Subchapter V Trustee shall be allowed to take

any and all steps necessary to exercise any and all rights available remedies under applicable law. Upon entry of a final order of discharge for the Debtor, this notice requirement shall terminate and the parties shall thereafter be governed by the notice provisions set forth under the laws of the State of Texas.

The subchapter V Trustee fees will be paid as set forth in the projections, subject to the approval of the fees and expenses by the bankruptcy court.

**Other administrative expenses**

**Priority Tax Claims**

The Internal Revenue Service has filed a claim which includes a priority amount of $3,536.00 [Claim 4].   Priority tax claims shall be paid in no more than five (5) years from the filing of the case, or paid no later than, July 26, 2030.   The claim will be paid at 7% per annum.

Steel Supply, LP has filed a claim for goods sold which includes a priority amount under 11 U.S.C. §503(b)(9) of $23,485.45 [Claim 5].   This claim shall be paid in no more than five (5) years from the filing of the case, or paid no later than, July 26, 2030.   The claim will be paid at 0% per annum.

**Texas Comptroller of Public Accounts ("Comptroller")**

The Comptroller filed Administrative Expense Claim and Request for Payment (Claim 10) in the amount of $7,729.92. On or about December 1, 2025 Debtor's counsel was informed by the Comptroller's office that Claim 10 will be amended to update the administrative liability.  The Debtor shall pay in full on or before the Effective Date any Administrative Expense Claim balance.

**Statutory Fees**

All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date have been paid or will be paid on the Effective Date.

V.  Treatment of Claims and Interests Under the Plan

Claims and interests will be treated as follows under this Plan:  Filing date of July 26, 2025.

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Harris County, et. al. for *ad valorem* taxes on personal business property for 2020, 2021, 2022, 2023, 2024 and *ad valorem* taxes for 2025 secured by Hyster Forklift 12K lbs, HAT Channel Machine, Inventory, Forklift 6K lbs, Forklift 10K lbs, Forklift 35K lbs, Dip Edge 2", Forklift 4K lbs, Leasehold improvements, PurLin Z Machine, Printers, R Panel Machine, PurLin C Machine, Press Brake, Pearling Machine, R Panel Machine #2, Shear, Standing Seam Machine, Small equipment, U-Panel Machine, Forklift 10K lbs, Caterpillar Forklift 6K lbs, Computers, 5V Panel & C Panel, 12" Bender Machine, 10' Bender Machine, Furniture and office equipment. | Impaired | Debtor will pay $212,015.42 to Class 1 by no later than July 26, 2030.  The claim will be paid in approximately equal monthly installments ($3,500 for months 1-12 and $5,300 for months 13-60) at 12% per annum interest.   [Amended Claim 1].  This claim is a Secured Claim entitled to first priority.  Any tax liens for prepetition or postpetition years shall be retained until such taxes are paid in full. The Debtor shall pay all ongoing postpetition taxes in the ordinary course, prior to delinquency under the Texas Tax Code, and no administrative expense claim or request for payment is required for such postpetition taxes. Failure to pay any postpetition tax years shall not be subject to the Default Provisions set forth in this Plan. |



| | | |
|---|---|---|
| | | |
| Class 2 -Internal Revenue Service for taxes secured by all of Debtor's right, title, and interest to property. | Impaired | Debtor will pay $27,161.35 to Class 2 by no later than July 26, 2030. The claim will be paid in approximately equal monthly installments at 7% per annum interest [Claim 4]. |
| Class 3 -Jose Rodriguez for pre-petition lease arrearage and damages to premises allegedly caused by Debtor. | Impaired | Debtor will pay the lease arrearage claim of $52,000 to Class 3 by no later than June 26, 2027. The claim will be paid in approximately equal monthly installments during months 1-18. Debtor will pay the pre-petition damage claim portion of Class 3 in the amount of $55,877.43 as fully unsecured under Class 6 [Claim 6]. |
| Class 4- Texas Comptroller of Public Accounts secured by a recorded tax lien in favor of creditor. The tax lien attached to all real and personal property owned, claimed or acquired by the debtor(s). | Impaired | Debtor will pay $0.00 to Class 4 by no later than July 26, 2030. [Claim 7]. On or about December 1, 2025 Debtor's counsel was informed by the Comptroller's office that pre-petition Claim 7, will be withdrawn as the liability has been paid.[1] |

---

[1] If any amended claim would be filed by the Comptroller claiming a balance owed, Debtor would amend this plan as necessary.

*Double T Steel LLC*
*Debtor's First Amended Subchapter V Plan of Reorganization*                                              8

*Elena Lopez*

| | | |
|---|---|---|
| Class 5 –U.S. Small Business Administration ("SBA") for EIDL Loan secured by Furniture and office equipment, PurLin C Machine, 10' Bender Machine, 12" Bender Machine, 5V Panel & C Panel, Caterpillar Forklift 6K lbs, Dip Edge 2", Forklift 10K lbs, Forklift 35K lbs, Forklift 4K lbs, Forklift 6K lbs, Forklift 10K lbs, HAT Channel Machine, Hyster Forklift 12K lbs, Leasehold improvements, Pearling Machine, Press Brake, PurLin Z Machine, R Panel Machine, R Panel Machine #2, Shear, Small equipment, Standing Seam Machine, U-Panel Machine , Inventory, Printers, Internet, Accounts receivable under 90 days, Computers. | Impaired | Debtor will pay the Class 5 claim as fully unsecured under Class 6.  Lien is behind Harris County, et. al., Texas Comptroller of Public Accounts, and the Internal Revenue Service. There is no value to lien. |
| Class 6- Unsecured Non-Priority Claims | Impaired | The Debtor will pay the projected disposable income in the amount as set forth on the projections for a period of sixty (60) months following the Effective Date to creditors in this class with allowed claims in the amount set forth on the projections with this plan.  Debtor may pay these amounts in quarterly distributions.  In the case of claims for which pro rata distributions are less than twenty-five ($25.00) dollars, the Debtor or the Subchapter V Trustee will hold the |

| | | payment amounts and send one payment at the end of the plan term. |
|---|---|---|
| Class 7 | Unimpaired | The equity security holders will retain the interest in the Debtor. |

**Definitions:**

**Disposable Income (from section 1191(d) of the Bankruptcy Code)—** The term "disposable income" means the income that is received by the debtor and that is not reasonably necessary to be expended—
**(1)** for—
**(A)** the maintenance or support of the debtor or a dependent of the debtor; or
**(B)** a domestic support obligation that first becomes payable after the date of the filing of the petition; or
**(2)** for the payment of expenditures necessary for the continuation, preservation, or operation of the business of the debtor.

Items (1)(A) and (B) are not applicable to a case for an entity.  Disposable income shall be the amount as set forth in the projections.

**Funds for Payment of Administrative Expense Claims and Unsecured Claims.**

The Debtor will pay the administrative expenses and the other classes as set forth on the projections.   The Debtor may prepay administrative expenses if the Debtor has sufficient funds to make such payments.

VI.    Provisions Applicable to All Classes-Default

If the reorganized Debtor fails to timely make the required plan payments to any of the creditors, the reorganized Debtor will be considered to have defaulted under the Plan as to such creditor. If the reorganized Debtor defaults under the Plan as to a creditor, then such creditor may send a written notice of the default (a "Default Notice") to the reorganized Debtor and counsel for

the Debtor by Regular Mail, by email, and by Certified Mail Return Receipt requested, postage prepaid (email for the Debtor:  elenolopez@icloud.com;  email for counsel for the Debtor: courtdocs@bakerassociates.net; address for Debtor is:  9341 N Green River Dr., Houston, TX 77078 and address for counsel for the Debtor is:  950 Echo Lane, Ste 300, Houston, Texas 77024). If the reorganized Debtor does not cure the default within 30 days after receiving the written Default Notice, such creditor with a default may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court.

**Bar Date and Payments**

**The Debtor will only pay creditors that are listed in the schedules of the Debtor as undisputed, non-contingent, and liquidated. If a creditor is listed as disputed, contingent, or unliquidated, then the creditor must file a claim by the bar date. If no claim is filed by the bar date, then no payment will be made to such creditor, but the discharge provided in this Plan and the bankruptcy code will discharge the debt of such creditor. Creditors whose claims are listed as disputed, contingent, or unliquidated will receive no distribution unless such creditor files a claim and the claim is allowed.** Even if a creditor files a claim, the Debtor may still dispute the claim.

VII. Provisions for Subchapter V Chapter 11 Trustee and Confirmation under section 1191(b)

The Debtor requests consent to act as the disbursing agent if the plan is confirmed under section 1191(b).

**Quarterly Financial Reporting**. If the plan is confirmed under section 1191(b), then until the Debtor has completed all payments under this Plan, the reorganized Debtor shall file with the

---

Court and provide to the Subchapter V Trustee no later than 21 days after the end of each quarter, post-confirmation quarterly financial reports (the "Quarterly Reports") for each quarter (or portion thereof) of the Plan term. The Quarterly Reports shall: (i) be generated by the Debtor's management or an accounting or finance professional retained by the Debtor; and (ii) contain the information required by the U.S. Trustee's forms and office.

**Tax Returns**. If the plan is confirmed under section 1191(b), then until the Debtor has completed all payments under this Plan, Debtor shall timely file all tax returns and make all tax payments and deposits, if any, when due. For each tax return that becomes due after entry of the order confirming the Plan but before the Plan is substantially consummated, Debtor shall, within fourteen (14) days of filing the return, provide the Subchapter V Trustee with a complete copy of the tax return, including all schedules and attachments.

**Reorganized Debtor's Remittance**. If the plan is confirmed under section 1191(b) and if the Debtor is not the disbursing agent, then the Debtor shall remit to the Subchapter V Trustee the funds for the payments of the allowed claims in this plan. Payments of administrative claims under this Plan shall be made in a manner that is mutually agreeable by and between the Debtor, administrative claimants, and the Subchapter V Trustee. The Reorganized Debtor shall promptly contact the Subchapter V Trustee regarding the disposition of any checks by Reorganized Debtor made payable to the Subchapter V Trustee but not negotiated.  The Debtor shall calculate the amounts to be paid to creditors in this plan and shall provide such calculations to the Subchapter V Trustee at approximately the same time as the funds are delivered to the Subchapter V Trustee.

**Distributions to Creditors.** If the plan is confirmed under section 1191(b), then distributions to allowed claims will be made in accordance with the payment calculations provided by the Debtor. The Subchapter V Trustee is not responsible for calculating or correcting the payment amounts due under the Plan.

**Disbursing Agent.** The Debtor shall serve as the disbursing agent if the plan is confirmed under 1191(a).

In the event the plan is confirmed under 1191(b), the Debtor requests a waiver of the requirement that the Subchapter V Trustee serve as the disbursing agent. The Debtor has approximately 15 creditors in total and can manage and pay the creditors as necessary. In the event the waiver is not granted, the Subchapter V Trustee shall serve as disbursing agent for the creditors and shall be discharged upon completion of the final disbursement to all the creditors. Funds from any disbursement check where the check remains unnegotiated for more than 60 days, may be redistributed *pro rata* to other unsecured creditors, as provided for under the Plan, or may be placed with this Court's unclaimed funds register pursuant to 28 U.S.C. § 2042, at the discretion of the Debtor (or the Subchapter V Trustee if the Debtor is not the disbursing agent). The Reorganized Debtor will have the right to pursue the recovery of any disbursements made on account of a claim which is subsequently withdrawn and/or satisfied.

If the plan is confirmed under section 1191(b) and the Debtor is not authorized to be the disbursing agent, the following shall also apply:

a.  The Subchapter V Trustee shall be the disbursing agent for all distributions made under the plan. The Debtor shall be required to pay a post-confirmation retainer to the Subchapter V Trustee of $500 monthly.   As disbursing agent, the Trustee may pay her post-confirmation fees without further order of the Court on 14-days negative notice. The Subchapter V Trustee may file a Notice Regarding Payment of Fees, which shall include fees and expenses incurred by the trustee on a quarterly basis. If no party objects to the notice, after 14 days, the Subchapter V Trustee may pay the fees and expenses. If a party in interest does object, the Court will set a hearing to determine whether the fees and expenses incurred by the Subchapter V Trustee are reasonable and necessary;

b. Payments by the Debtor to the Subchapter V Trustee are due by the 15th of the month, with the first plan payment due on the 15th of the month following confirmation. The Subchapter V Trustee will begin making distributions under the plan within 60 days of plan confirmation;

c. The payments to unsecured creditors will be escrowed by the Subchapter V Trustee or the Debtor and paid on at least a calendar quarterly basis.   In the case of claims for which pro rata distributions are less than twenty-five ($25.00) dollars, the Debtor or the Subchapter V Trustee will hold the payment amounts and send one payment at the end of the plan term;

d. The Debtor shall provide the Subchapter V Trustee access to information and access otherwise to fulfill all duties pursuant to §1183;

e. Default remedies under the Plan include liquidation and/or removal of the Debtor, and the Court shall retain jurisdiction to enforce and interpret the Plan; and

f. Any modification of plan payments must be filed and noticed by the Debtor or by the Subchapter V Trustee.

If the plan is confirmed under 1191(a) or is confirmed under 1191(b) and Debtor is allowed to serve as the disbursing agent, the payments to unsecured creditors will be escrowed by the Debtor and paid on at least a calendar quarterly basis. The first plan payment will be due on the 15th of the month following confirmation.

The Debtor will be deemed to have met its payment obligations upon payment of the classes of claims as set forth herein.

If the plan is confirmed under 1191(a), the Subchapter V Trustee shall be discharged upon Substantial Consummation of the Plan. If the plan is confirmed under 1191(b), the Subchapter V Trustee shall be discharged upon Debtor's discharge under 1192. In either case, the Subchapter V Trustee shall timely account for any money received and file the required final report.

If the plan is confirmed under section 1191(a), no further reports must be filed by the Debtor.

**Notices**. The Debtor (or the Subchapter V Trustee if the Debtor is not the disbursing agent) may limit notice of any and all reports, document, pleading or other filing related to this case to those parties directly affected and to those interested parties which have filed a notice of

appearance or proofs of claim, as necessary. The Debtor (or the Subchapter V Trustee if the Debtor is not the disbursing agent) shall be under no obligation to serve parties which are neither affected by any report, document, pleading or other filing or have made no appearance whatsoever before this Court.

**Payments and Distributions on Disputed Claims or Late Filed Claims**. Except as otherwise provided in the Plan, no partial Plan Payments and no partial Distributions will be made with respect to a Disputed Claim until the resolution of such dispute by settlement or Final Order. For purposes of clarity, each class's claimants will not be entitled to a distribution until all claims within the applicable class are final. Unless otherwise agreed to by the reorganized Debtor or as otherwise specifically provided in the Plan, a Creditor who holds both an Allowed Claim and a Disputed Claim will not receive a distribution until such dispute is resolved by settlement or Final Order. The provisions of this section are not intended to restrict payment of any unclassified claims which are not disputed.

Late filed claims will not get paid.

VIII.      Subchapter V Trustee Obligations.

**(a) Obligations Related to the Pursuit of Causes of Action**. The Subchapter V Trustee shall not have any right or obligation to pursue and/or manage the reorganized Debtor's pursuit of Causes of Action. Rather, the pursuit and management of Causes of Action shall be coordinated by the reorganized Debtor and the attorney retained by the reorganized Debtor to pursue Causes of Action, if any.

**(b) Administration of the Estate.** If the plan is confirmed under section 1191(b) and the Debtor is not the disbursing agent, then the Subchapter V Trustee shall file all reports required by the United States Trustee in the manner prescribed by the United States Trustee Program. Upon discharge of the Subchapter V Trustee, the Subchapter V Trustee shall file his final report and seek a discharge of his duties as Subchapter V Trustee.

**Retention of Jurisdiction**. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan and pursuant to the Order of Confirmation, specifically including, but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property of the debtor, including any questions relating to any sums of money, services, or property due to the debtor; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

IX.     Allowance and Disallowance of Claims

**Disputed Claims**

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order and, as to which, either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

As of the submission of this plan, ten (10) claims have been filed. The Debtor reserves the right to dispute any claims filed by any creditors for up to forty-five (45) days after the Effective

Date.

**Distribution on a Disputed Claim**

No distribution will be made on a disputed claim unless such claim is allowed by a final non-appealable order. The Debtor will only pay on allowed claims.

**Settlement of Disputed Claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

X.    Provisions for Executory Contracts and Unexpired Leases

The Debtor assumes the following executory contracts and unexpired leases as of the Effective Date:

- Commercial Lease for premises located at:  9341 N Green River Dr., Houston, TX 77078 (currently month to month lease) with Jose Rodriguez

    **Provision Applicable to Jose Rodriguez (Class 3)**

    o  Claimant shall have an Allowed lease cure claim in the amount of $52,000, to be paid in accordance with Section V of the Plan. In the event that the Debtor fails to fully, timely, and completely remit any of the payments for ongoing post-petition rent obligations, or the monthly cure payments made under the Plan, Claimant shall send notice of default to the Debtor and Debtor's attorney by Regular Mail, by email, and by Certified Mail Return Receipt requested, postage prepaid. Ongoing

post-petition rent (currently $8,500) shall be due by the first day of the month, and monthly cure payments shall be due by the 15th day of the month, in accordance with the Plan. If the default(s) is not cured in its entirety within ten business days after the date the notice of default was sent, Claimant may proceed with seeking its remedies under State law, including eviction, with no further motion or action required by the Bankruptcy Court. Claimant will be required to send no more than three notices of default to the Debtor and its attorney. Upon a fourth default, Claimant may proceed with seeking remedies under State law, including eviction, with no further motion or action required by the Bankruptcy Court.

o   Claimant shall also have an Allowed General Unsecured (Class 6) claim in the amount of $55,877.43.

o   Claimant and Debtor shall execute a new lease for a term of at least five (5) years with a monthly rent of $8,500 for years 1-2, and $10,000 for years 3-5.   Claimant and Debtor shall fulfill all obligations in said lease, including any maintenance and repair obligations.

o   For the building and yard area located on 9341 N. Green River Dr., Houston, TX 77078 referred to by the parties as "Warehouse 7:"

   ▪   For a period of no more than 12 months, Debtor shall pay an additional $2,500 per month to Claimant until Debtor fully removes all personal property from the yard area of Warehouse 7, with the first payment due December 15, 2025. After 12 months, if the Debtor has not removed all

personal property from the yard area, Claimant may proceed with removing any remaining personal property, at the Debtor's expense.

- Debtor shall remove all personal property located inside the building of Warehouse 7 by no later than two months after the date of entry of this Confirmation Order.

Except for executory contracts and unexpired leases that have been assumed under this Plan or by order of the court before the Effective Date, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date. The Debtor is not aware of any other existing executory contracts.

A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

XI.     Means for Implementation of the Plan

The Debtor will retain the property of the bankruptcy estate. The Debtor will make the payments as set forth in the Projections to either the creditors or to the Subchapter V Trustee.

The officers and directors of the Debtor are anticipated to remain the same after the Effective Date.   Eleno López will continue as the sole member and President of the Debtor after confirmation.

X.      General Provisions

---

**Definitions and Rules of Construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**Effective Date**

The effective date ("Effective Date") of this Plan is the date on which the confirmation order becomes a final order no longer subject to appeal. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

**Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**Binding Effect**

The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**Controlling Effect**

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan,

except as otherwise provided in this Plan.

**Retention of Jurisdiction**

The Bankruptcy Court will retain exclusive jurisdiction of the case after the confirmation date with respect to the parties to, and the subject matter of, this Plan and the claims, applications, orders, damages, and other events as described in the Plan.

XI.     Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt: (i) imposed by this Plan; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, on the first date on which the Administrative Claims, priority claims, and allowed claims in all classes have each been paid in full in accordance with the terms of this Plan. The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first 3 years of the Plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), upon payment by the Debtor of the Administrative Claims, priority claims, and allowed claims in all classes in accordance with the

terms of this Plan, the Debtor may apply for the entry of an order of discharge and upon confirmation that the payments have been made, the Bankruptcy Court shall enter an order of discharge under section 1192.

**Attachments:**

1. Liquidation Analysis
2. Projections – payments to creditors under the plan are shown in red
3. Liquidation –Claims Chart

Dated: December 1, 2025

/s/Eleno López
Eleno López
Sole Member and President

ATTORNEY FOR THE DEBTOR:
Reese Baker
TX Bar No. 01587700
Nikie Marie López-Pagán
TX Bar No. 24090233
Baker & Associates
950 Echo Lane, Ste. 300
Houston, Texas 77024
(713) 979-2279
(713) 869-9100 Fax