United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 04, 2025
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 25-34239-H5-11 |
| **Double T Steel LLC,** | § | |
| Debtor | § | Chapter 11, Subchapter V |
| | § | |

ORDER CONFIRMING DEBTOR'S FIRST AMENDED
PLAN OF REORGANIZATION

(Docket No. 67)

CAME ON FOR CONSIDERATION on December 3, 2025, the First Amended Plan of Double T Steel LLC (the "Debtor" or "Double T Steel") (Docket No. 67) (the "Plan") under 11 U.S.C. §1191. The Court finds that notice of the hearing on confirmation of the Plan and deadlines regarding filing written objections to the Plan has been given in accordance with the Bankruptcy Code, and the Federal and Local Rules of Bankruptcy Procedure.

One creditor voted on the Plan. José Rodríguez (Class 3) voted to accept the Plan. No creditor voted to reject the Plan. It is therefore,

ORDERED THAT**:**

    A.    The Plan, filed at docket 67 in this case, complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation and is hereby **CONFIRMED** under 11 U.S.C. § 1191(b).

    B.    In accordance with 11 U.S.C. § 1142, the Debtor is authorized and directed without the need for any further approval to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

    C.    Melissa Haselden, appointed as the Subchapter V Trustee of this case (the "Subchapter V Trustee"), pursuant to 11 U.S.C. § 1183, may file with the Court an application for professional fees, under 11 U.S.C. § 330, for services performed prior to confirmation of the Plan. Debtor shall pay approved Subchapter V Trustee fees and expenses as provided under the Plan and by Order of this Court.

    D.    The Subchapter V Trustee shall be the disbursing agent for all

distributions made under the Plan.

  E. Debtor shall be responsible for all of its post confirmation reporting required by the United States Trustee.

  F. <u>Provisions Applicable to Jose Rodriguez ("Landlord" or "Claimant") (Class 3):</u> Claimant shall have an Allowed lease cure claim in the amount of $52,000, to be paid in accordance with Section V of the Plan. In the event that the Debtor fails to fully, timely, and completely remit any of the payments for ongoing post-petition rent obligations, or the monthly cure payments made under the Plan, Claimant shall send notice of default to the Debtor and Debtor's attorney by Regular Mail, by email, and by Certified Mail Return Receipt requested, postage prepaid. Ongoing post-petition rent (currently $8,500) shall be due by the first day of the month, and monthly cure payments shall be due by the 15th day of the month, in accordance with the Plan. If the default(s) is not cured in its entirety within ten business days after the date the notice of default was sent, Claimant may proceed with seeking its remedies under State law, including eviction, with no further motion or action required by the Bankruptcy Court. Claimant will be required to send no more than three notices of default to the Debtor and its attorney. Upon a fourth default, Claimant may proceed with seeking remedies under State law, including eviction, with no further motion or action required by the Bankruptcy Court.

Claimant shall also have an Allowed General Unsecured (Class 6) claim in the amount of $55,877.43.

Claimant and Debtor shall execute a new lease for a term of at least five (5) years with a monthly rent of $8,500 for years 1-2, and $10,000 for years 3-5. Claimant and Debtor shall fulfill all obligations in said lease, including any maintenance and repair obligations.

For the building and yard area located on 9341 N. Green River Dr., Houston, TX 77078 referred to by the parties as "Warehouse 7:"

- For a period of no more than 12 months, Debtor shall pay an additional $2,500 per month to Claimant until Debtor fully removes all personal property from the yard area of Warehouse 7, with the first payment due December 15, 2025. After 12 months, if the Debtor has not removed all personal property from the yard area, Claimant may proceed with removing any remaining personal property, at the Debtor's expense.

- Debtor shall remove all personal property located inside the building of Warehouse 7 by no later than two months after the date of entry of this Confirmation Order.

  G. Notwithstanding any language in the Plan to the contrary, interest shall not accrue on unsecured non-priority claims.

      H.      The following sentence is deleted from the Plan: Late filed claims will not get paid.

      I.      Default remedies under the Plan include Default Notices, and the right for creditors to proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court if a default is not cured within the time provided for in the Plan.

Signed: December 04, 2025

Jeffrey P. Norman
United States Bankruptcy Judge

Approved:

*/s/ Nikie Marie López-Pagán*
Reese W. Baker
Texas Bar No. 01587700
Nikie Marie López-Pagán
Texas Bar No. 24090233
Counsel for Debtor